1 SUNNY S. HUO (State Bar No. 181071)
ssh@severson.com
2 HEATHER S. EASTWOOD (State Bar No. 251935)
hse@severson.com
3 SEVERSON & WERSON
A Professional Corporation
4 One Embarcadero Center, Suite 2600
San Francisco, CA 94111
5 Telephone: (415) 398-3344
Facsimile: (415) 956-0439
6
Attorneys for Defendants
7 BANK OF AMERICA, NATIONAL
ASSOCIATION and PRLAP, INC.
8

9          UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | RUSSELL DON HOLTZ, | Case No.: 5:08-cv-02166-RS |
|---|---|---|
| 13 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BANK OF AMERICA AND PRLAP'S MOTION TO DISMISS** |
| 14 | vs. | |
| 15 | BANK OF AMERICA, NATIONAL ASSOCIATION, a national banking association; CAL-WESTERN RECONVEYANCE CORPORATION, a California corporation; PRLAP, INC., a North Carolina corporation; and DOES I through 20, inclusive, | Date:    August 6, 2008<br>Time:    9:30 a.m.<br>Courtroom: 4<br>Judge:    M.J. Richard Seeborg |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | Defendants. | |

11608/0301/675980.1

Memorandum of Points and Authorities in Support of Motion to Dismiss
Case No.: 5:08-cv-02166-RS

Defendants Bank of America, National Association and PRLAP, Inc. hereby move to dismiss plaintiff's first cause of action for violation of the Truth in Lending Act ("TILA") on the grounds that plaintiff failed to bring his claim within the time period provided by TILA.

## I.  FACTUAL SUMMARY

Plaintiff obtained two residential mortgage loans from Bank of America. He obtained his first mortgage on November 2, 2004. (Complaint, ¶ 21, Ex. B.) He obtained his second mortgage on June 14, 2007. (Complaint, ¶ 40, Ex. I.)

Plaintiff defaulted on his loan and Bank of America initiated foreclosure on February 12, 2008. (Complaint, Ex. E.)

Plaintiff did not seek to rescind either loan until March 21, 2008. (Complaint, Ex. F.) Plaintiff did not file this lawsuit until April 25, 2008.

Plaintiff's first cause of action—the subject of this motion—contends that BofA violated TILA by failing to provide him with a properly completed Notices of Right to Cancel. (Complaint ¶ 65.) Plaintiff contends that this alleged violation gives him the right to rescind the loan pursuant to 15 U.S.C. §§ 1635 and 1640 and 12 C.F.R. 226.23 ("Reg Z"), and also to recover damages and attorney's fees pursuant to 15 U.S.C. § 1640. (Complaint, ¶¶ 71-74.)

## II.  ARGUMENT

### A.  A TILA Rescission Claim Must Be Brought Within Three Years

TILA states that a borrower's right to rescind "shall expire within three years" of consummation. "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first..." (15 U.S.C. § 1635(f).)

This three year period is a hard limit. It applies even where the borrower invokes rescission as a defense to a foreclosure action.

As Section 1635—the section of TILA dealing with rescission rights in foreclosures—clearly states: "[n]otwithstanding section 1649 of this title, ***and subject to the time period provided in subsection (f)*** of this section, in addition to any other right of rescission available under this section for a transaction, after the initiation of any judicial or nonjudicial foreclosure

process on the primary dwelling of an obligor securing an extension of credit, the obligor shall have a right to rescind the transaction..." (15 U.S.C. § 1635(i)(1) (emphasis added).)

Indeed, even the United States Supreme Court has recognized that a rescission claim—whatever form it may take—must be brought within three years of loan consummation. "We respect Congress's manifest intent by concluding that ***the Act permits no federal right to rescind, defensively or otherwise***, after the 3-year period of § 1635(f) has run." (*Beach v. Ocwen Federal Bank* (1998) 523 U.S. 410, 419.)

Plaintiff admits that his first mortgage—the basis of his first cause of action—was consummated on November 2, 2004. He did not, however, seek rescission until March 21, 2008, which was well outside the three year period provided by Section 1635(f).

Plaintiff's first cause of action is legally defective as pled, and as such, it should now be dismissed.[1]

### III. CONCLUSION

For the foregoing reasons, Bank of America requests that the Court grant this motion.

DATED: June 18, 2008            SEVERSON & WERSON
                                A Professional Corporation


                                By: ___/S/ Sunny S. Huo___
                                        Sunny S. Huo

                                Attorneys for Defendants
                                BANK OF AMERICA, NATIONAL
                                ASSOCIATION and PRLAP, INC.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

---

[1] Plaintiff's request for statutory damages under TILA need not be addressed separately. Said claims are based on the assumption that he had a valid right to rescind which Bank of America refused to honor—an assumption which is incorrect as demonstrated above. Moreover, claims for damages under TILA have only a one year limitations period. (15 U.S.C. § 1640(e).)